**In re CBC COMPANIES, INC.
COLLECTION LETTER
LITIGATION.**

**Nos. 97 C 1948, MDL 1150.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 6, 1998.

Ignacio Daniel Maramba, Edelman & Combs, Chicago, IL, for Plaintiff.

Daniel P. Shapiro, Oscar L. Alcantara, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, for CBC Companies, Inc.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Three classes of plaintiffs have been certified in this action. All three classes were sent similar debt collection letters by the defendant, CBC Companies, Inc. ("CBC"). The main difference among the classes is jurisdictional; one class represents residents of Florida, another class represents residents of New York, and a third class represents residents of Illinois. The plaintiffs claim the collection letters violate their notice rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e & g. CBC moves to decertify all three classes. For the following reasons, CBC's motion to decertify is denied.

#### Class Action Requirements

The requirements of Federal Rule of Civil Procedure 23(a) are that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

CBC argues the three classes of plaintiffs fail to meet the Rule 23(a) requirements. Each argument will be considered in turn.

#### A. Adequacy of Representation

CBC argues the three classes do not meet the Rule 23(a) standard for adequacy.

The adequacy of representation requirement has three elements: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class, ... (2) the named representative must have sufficient interest in the outcome to ensure vigorous advocacy, ... and, (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously.

*Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313, 317 (N.D.Ill.1995) (citations and quotations omitted). CBC argues the three named plaintiffs are so unfamiliar with their cases that they cannot ensure vigorous advocacy and that the plaintiffs' counsel is not qualified to conduct the proposed litigation.

 A class must have a "conscientious representative plaintiff." *Rand v. Monsanto Co.,* 926 F.2d 596, 599 (7th Cir.1991). The class representative must "understand the basic facts underlying his claims." *In re Discovery Zone Sec. Litig.,* 169 F.R.D. 104, 109 (N.D.Ill.1996). "General knowledge and participation in discovery are sufficient to meet this standard." *Id.* (citations omitted). "[I]n demonstrating a class representative's adequacy, the burden is not a heavy one." *Ries v. Humana Health Plan, Inc.,* No. 94 C 6180, 1997 WL 158337, at *9 (N.D.Ill. Mar. 31, 1997).

### 1. *Youngelman Class*

██ CBC argues Steven Youngelman, the named plaintiff for the New York class, has abdicated his role as class representative to class counsel. CBC suggests Mr. Youngelman does not recall whether he reviewed the complaint in this matter, is unfamiliar with all of the lawyers that represent him, has not been kept abreast of class certification issues and discovery, and is unsure of what damages he can recover.

Mr. Youngelman is admitted to practice law in New York. (Youngelman Dep. at 14). He testified he has "been in contact with [his] attorneys on a regular basis...." (Youngelman Dep. at 28). When asked what the responsibilities of a class representative were, Mr. Youngelman stated "I should represent the members of the class, and I have a responsibility to the members of the class." (Youngelman Dep. at 31). When asked how he had fulfilled his duties as a class representative, Mr. Youngelman testified

I contacted my local attorney, signed an authorization form, which included the representation of Adam J. Fishbein and Edelman & Combs, Adam J. Fishbein being the referring attorney, Edelman & Combs being the attorney of record. I have received every documentation from Edelman & Combs or Adam Fishbein necessary to proceed forward in this case. I have been kept informed on a regular basis by my attorneys necessary to proceed in this case. I've been advised of my responsibilities as class representative necessary to proceed in this case. I've spoken on the phone several times with my attorneys in regards to this case. I have flown out to Chicago on my company time to proceed with this case at expense to my own personal career.

(Youngelman at 31–32). Mr. Youngelman is aware he represents "those individuals who have received a letter from the defendant corporation, those individuals in the same circumstances as [he is in]." (Youngelman at 36).

Mr. Youngelman is also aware there are two other named plaintiffs involved in this litigation. (Youngelman at 37–38). Although Mr. Youngelman is unaware of whether he saw his complaint before it was filed, he testified he received and read a copy of the complaint when it was filed. (Youngelman at 45–47). While Mr. Youngelman is unclear on how consolidation of this litigation has affected the class he represents, he correctly believes he represents those individuals residing in New York. (Youngelman at 53). Further, Mr. Youngelman is aware his claim revolves around a debt collection letter that "misrepresented" his rights and used "misleading practices" by overshadowing the required validation notice. (Youngelman at 71, 74). Further, Mr. Youngelman is aware there is a statute that exists that determines exactly what he can recover as a class representative. (Youngelman at 81–82).

Mr. Youngelman has demonstrated he has a basic knowledge of the facts underlying his claim, understands the duties of a class representative, and has kept abreast of the progress of his litigation. He is an adequate class representative.

### 2. *Loomis Class*

■ CBC argues Gary Loomis, the named plaintiff for the Florida class, has abdicated his role as class representative to his class counsel. CBC suggests Mr. Loomis is unaware of the duties of a class representative. At one point during his deposition Mr. Loomis appeared to get flustered and was unsure of how to respond to questions regarding the class of people he represents and his responsibilities as a class representative. (Loomis Dep. at 44–53). Earlier in his deposition, however, Mr. Loomis stated he represented a "group of people in Florida" that received "[debt collection] letters like I've received ... from a credit corporation." (Loomis Dep. at 24–26). When questioned by his own counsel, Mr. Loomis stated his responsibilities as class representative included receiving documents, reviewing documents, and ensuring documents are properly filed. (Loomis Dep. at 75–76).

Mr. Loomis is clearly not as comfortable or experienced with litigation as Mr. Youngelman, a class representative who is also a lawyer. Although Mr. Loomis recalls reading his complaint, he does not recall exactly when he did so. (Loomis Dep. at 35). Mr. Loomis was also unsure of some of the legal tactics his lawyers have used, such as redefining the class he represents and consolidating his case in Illinois. (Loomis Dep. at 37, 60). Mr. Loomis, however, is neither expected nor required to know the detailed workings of the legal system or the legal strategies that may be used in his case. Such requirements would prohibit all but the brightest of individuals from being named a class representative.

Mr. Loomis is aware he is suing the defendant to make it send clearer and less "threatening" collection letters. (Loomis Dep. at 27). Although Mr. Loomis is unaware of how much money he may receive from his lawsuit, he has discussed the possibility of receiving money damages and the amounts he might recover with his lawyers. (Loomis Dep. at 28–29, 31–32). Mr. Loomis' deposition indicates he is fulfilling his duties as a class representative. He stated he understood he represented "people in Florida, according to what [he] read in some of [the] legal papers that were sent to [him]." (Loomis Dep. at 32). This testimony suggests Mr. Loomis has read legal papers in this case and understands them, at least in respect to defining the scope of his class. Mr. Loomis also testified he reviews documents before they are filed in his case. (Loomis Dep. at 74).

Mr. Loomis testified to a basic understanding of the class he represents, his duties as class representative, the relief he seeks from CBC, and the possible award of money damages. Further, Mr. Loomis' actions indicate he is participating in the progression of his case. As noted earlier, the burden of demonstrating a class representative's adequacy "is not a heavy one." *Ries,* 1997 WL 158337, at \*9. Accordingly, Mr. Loomis is an adequate class representative.

### 3. *Van Buren Class*

■ CBC argues LaTonya Van Buren, the named plaintiff for the Illinois class, has abdicated her role as class representative to her class counsel. CBC argues Ms. Van Buren's failure to keep in contact with her attorneys proves she is not a qualified representative. Since August, 1997, Ms. Van Buren has lived at 6654 South Drexel. (Van Buren Dep. at 12).[1] Between April or March, 1997, and August, 1997, Ms. Van Buren lived at 8752 Cottage Grove. Ms. Van Buren initiated this lawsuit prior to March or April, 1997, when she lived at 10562 South Indiana. *Id.*

Ms. Van Buren stated that when she moved from 10562 South Indiana to 8752 Cottage Grove, in March or April, 1997, she did not inform her attorneys she had changed addresses. (Van Buren Dep. at 13–15). Ms. Van Buren could not remember the last conversation she had with her attorneys before leaving the 10562 South Indiana address. (Van Buren Dep. at 16). Ms. Van Buren also could not recall any conversation

---

**1.** All addresses appear to be in the vicinity of Chicago, Illinois.

she had with her attorneys while she lived at 8752 Cottage Grove. (Van Buren Dep. at 17–18). Ms. Van Buren made no effort to contact her lawyers in August, 1997, when she moved from 8752 Cottage Grove to 6654 South Drexel. (Van Buren Dep. at 19–20, 30). Ms. Van Buren's lawyers were finally able to locate and contact her in early 1998. (Van Buren Dep. at 29–30). Thus, according to Ms. Van Buren's own testimony, she had no conversations with her lawyers and made no effort to contact her lawyers between March or April, 1997, and early 1998.

Ms. Van Buren admitted she does not know what a "defendant" is and does not know who she has sued in this lawsuit. (Van Buren Dep. at 38–40). Ms. Van Buren testified that her duties as a class representative amount to being "there when I am needed, when I need to be talked to or to sign papers or something." (Van Buren Dep. at 41). In fulfilling her obligation as class representative, Ms. Van Buren stated she has "received a lot of documents" and read them over. (Van Buren Dep. at 44). Ms. Van Buren understands she represents individuals that have received a collection letter from CBC.

CBC argues that the facts that Ms. Van Buren could not remember the dates that she received correspondence from her lawyers or talked to her lawyers and was out of contact with her lawyers for nearly eight months shows she is not a conscientious plaintiff. However, this case as all class actions is prosecuted by lawyers. There is no argument that anyone was harmed by the temporary lack of contact between Ms. Van Buren and her lawyers. She has read documents she has received in the case and understands what the case is about. I conclude she is an adequate class representative.

### 4. Class Counsel

■ CBC argues plaintiffs' counsel, Edelman & Combs, is inadequate. As noted above, "counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously." *Gammon*, 162 F.R.D. at 317. CBC argues other courts have found Edelman & Combs inadequate and that their performance in the current litigation is deficient.

While some courts have sharply criticized Edelman & Combs' class action practice,[2] a number of courts in this district have reported favorably on the firm's adequacy as class counsel. *See Villareal v. Snow*, No. 95 C 2484, 1996 WL 28254, at *5 (N.D.Ill. Jan. 19, 1996); *Mace v. Van Ru Credit Corp.*, No. 94 C 7450, 1995 WL 549088, at *8–13 (N.D.Ill. Sept. 11, 1995), *vacated on other grounds*, 109 F.3d 338 (7th Cir.1997); *Avila v. Van Ru Credit Corp.*, No. 94 C 3234, 1995 WL 22866, at *8–9 (N.D.Ill. Jan. 18, 1995); *Brown v. LaSalle Northwest Nat'l Bank*, No. 92 C 8392, 1993 WL 313563, at *5 (N.D.Ill. Aug. 17, 1993). Edelman and Combs have been counsel in numerous class action cases, indicating the attorneys are both experienced and competent. To date, there is no indication that Edelman and Combs have not or will not conduct the proposed litigation vigorously. Edelman and Combs are adequate class counsel.

### B. Typicality & Commonality

CBC argues Mr. Loomis' claim does not meet the typicality or commonality requirements of Rule 23(a). Rule 23(a) requires that "there are questions of law or fact common to the class [and] the claims or defenses of the representative parties are typical of the claims or defenses of the class...." The FDCPA only applies to debts incurred for "personal, family, or household purposes." 15 U.S.C. § 1692a(5). It does not apply to business debts. CBC suggests Mr. Loomis' debt might be a business debt and thus, it has a unique defense it may use against Mr. Loomis that may not apply to other class members that renders Mr. Loomis' claim

2. Finding Edelman & Combs inadequate class counsel based on other court's findings would, in essence, be concluding Edelman & Combs is barred from ever bringing another class action lawsuit.

The plaintiffs suggest that, in light of the Supreme Court's recent decision in *Amchem Products, Inc. v. Windsor*, —— U.S. ——, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), CBC's argument that Edelman and Combs is inadequate class counsel is sanctionable. The *Windsor* decision indicates the adequacy of class counsel should be determined based on the individual facts of a given case. While CBC's argument that Edelman and Combs have been found inadequate class counsel in other cases may, therefore, be inapposite, it is not sanctionable.

atypical. Further, CBC argues the necessity of inquiring into each class member's debt to determine whether it is personal or business will predominate this litigation and destroys commonality.

 Defenses "peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *J.H. Cohn & Co. v. American Appraisal Associates, Inc.*, 628 F.2d 994, 999 (7th Cir.1980). "Typicality will only be destroyed where the defenses against the named representatives are 'likely to usurp a significant portion of the litigant's time and energy,' and there is a danger that the absent class members will suffer if their representative is preoccupied with defenses unique to it." *Beasley v. Blatt*, No. 93 C 4978, 1994 WL 362185, at *3 (N.D.Ill. July 11, 1994) (quoting *McNichols v. Loeb Rhoades & Co., Inc.*, 97 F.R.D. 331, 334 (N.D.Ill.1982)). Although CBC's defense may ultimately impact Mr. Loomis' ability to recover under the FDCPA, it should not require a significant amount of time to resolve. Mr. Loomis testified he made only one business charge on the account at issue in this case and that all other transactions on the account were for personal purposes. (Loomis Dep. at 82). Thus, even if, as the defendants suggest, there is no paper trail to indicate whether Mr. Loomis' charges were business or personal, Mr. Loomis' own testimony, given under oath, states all but one charge were for personal purposes. Absent class members will not suffer from Mr. Loomis' need to deal with CBC's defense. Accordingly, CBC's defense does not destroy typicality.

 CBC suggests the need to determine whether each class member's debt was for business or personal purposes ruins commonality in both the Loomis and Van Buren classes. The commonality requirement is met if there is "a single issue common to all members of the class." *Blatt*, 1994 WL 362185, at *3. In the instant case, the common question of law is whether CBC's collection letters violate the FDCPA by overshadowing the required validation notice. Those individuals that received a collection letter based on business debts should not be included as class members. But this has no bear-ing on the issues common to the class or CBC's liability to the class. The burden rests with possible class members to prove they are part of the class; that is, to prove they incurred debts for personal purposes. Individuals unable to prove their debts were incurred for personal purposes are excluded from the class.

Under CBC's reasoning, it would be impossible to bring a FDCPA class action if there was a chance a possible class member used a credit card for a business purpose. Only those classes whose claims revolve around debts which on their face could definitively be associated with personal purposes could bring a class action under the FDCPA. Such a finding would be contrary to the clear remedial goals of the FDCPA.

The fact that some of the proposed class members may not ultimately meet the requirements to be part of the class does not defeat commonality.

*Conclusion*

For the foregoing reasons, CBC's motion to decertify is denied.