Michael CLARK, Plaintiff,

v.

RETRIEVAL MASTERS CREDITORS BUREAU, INC., DBA American Medical Collection Agency, Defendant.

No. 98 C 4046.

United States District Court, N.D. Illinois, Eastern Division.

March 15, 1999.

**248**

Cathleen M. Combs, Edelman & Combs, Chicago, IL, for Plaintiff.

David M. Schultz, Hinshaw & Culbertson, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Michael Clark filed a class action complaint against defendant Retrieval Masters Creditors Bureau, Inc. ("RMCB"), doing business as American Medical Collection Agency ("AMCA"), alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Mr. Clark moves for class certification. RMCB opposes class certification and moves to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion for class certification is granted and the motion to dismiss is denied.

### Motion for Class Certification

In evaluating a motion for class certification, I accept the allegations in support of certification as true and do not examine the merits of the case. *Hardin v. Harshbarger,*

814 F.Supp. 703, 706 (N.D.Ill.1993) (citations omitted). To obtain certification, a plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23. *Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 703 (7th Cir.1993). Under Rule 23(a), the plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. *Id.* In addition, one of the three subsections of Rule 23(b) must be satisfied. Mr. Clark seeks certification under Rule 23(b)(3), which requires that common questions of law or fact predominate over questions affecting only individual members, and that a class action be superior to other methods of adjudicating the controversy.

Mr. Clark moves for certification of a class defined as all Illinois residents who, on or after June 1, 1997,[1] were sent a form letter like the one (dated September 2,1997) that RMCB sent Mr. Clark. The letters are limited to those not returned by the postal service that are attempts to collect a medical or health care debt.

### Rule 23(a)

RMCB does not dispute that Mr. Clark has met the first and second requirements of Rule 23(a). RMCB concedes that the number of class members would total more than 1,000. (Resp. to Disc. Requests ¶ 19.) Hence, the proposed class is so numerous that joinder of all members would be impracticable. Fed.R.Civ.P. 23(a)(1). There are also questions of law or fact common to the class. Fed.R.Civ.P. 23(a)(2). All the class members allegedly were sent the same form letter by RMCB. The central question of law is whether that letter violated the FDCPA. That question refers to standardized conduct on the part of RMCB toward members of the proposed class and thus presents a common nucleus of operative fact, *Franklin v. City of Chicago,* 102 F.R.D. 944, 949 (N.D.Ill.1984), which generally is enough to satisfy the commonality requirement of Rule 23(a)(2), *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992) (citation omitted).

Rule 23(a)(3) requires that the claims or defenses of the representative par-

---

**1.** In his motion for class certification, Mr. Clark defines the proposed class as all Illinois residents who received the form letter in question on or after July 2, 1997. However, in his complaint,

he uses the date June 1, 1997. I assume the correct date is the one mentioned in the complaint.

ties be typical of the class as a whole. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983) (citations omitted). Mr. Clark's claim clearly arises from the same event or course of conduct (sending collection letters) that gives rise to the other class members' claims and is based on the same legal theory (the letter violates the FDCPA).

However, RMCB claims the typicality requirement has not been met. RMCB notes Mr. Clark could not recall incurring the debt at issue (to Quest Diagnostics, formerly Corning Clinical Laboratories), and argues he thus cannot show it was a consumer debt as is required by the FDCPA. 15 U.S.C. § 1692a(5). Mr. Clark's claim therefore, it is argued, is not typical of the class. RMCB has a unique defense against him, and defenses that are "peculiar to the named plaintiff or a small subset of the plaintiff may destroy the required typicality of the class." *J.H. Cohn & Co. v. American Appraisal Associates, Inc.*, 628 F.2d 994, 999 (7th Cir. 1980). However, typicality will be destroyed only if such defenses are likely to usurp a significant portion of the litigant's time and energy, distracting him from representing the interests of other class members. *In re CBC Companies Collection Letter Litig.*, 181 F.R.D. 380, 385 (N.D.Ill.1998) (quoting *Beasley v. Blatt*, No. 93 C 4978, 1994 WL 362185, at *3 (N.D.Ill. July 11, 1994)). That is not the case here. RMCB's defense is unlikely to become a major focus of the litigation. *See Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir.1974). The debt in question allegedly was owed for laboratory tests apparently performed at a hospital, (Compl. ¶ 7; Clark Dep. at 16), and Mr. Clark testified it could not have been a business debt because he does not own a business, (Clark Dep. at 52). An examination of the creditor's and the hospital's records should resolve the question of whether the debt was business or personal. *See* 15 U.S.C. § 1692a(5).

▪ RMCB also claims Mr. Clark denies owing the debt, and contends that amounts to a unique defense that defeats typicality. That argument also is without merit. First, it is not clear that Mr. Clark denies owing the debt. He testified he did not remember incurring it and did not know what it was for, (Clark Dep. at 15–16), but nowhere in his deposition does he expressly deny owing the money. Further, this defense is one Mr. Clark could use against RMCB, not the other way around. (Resp. to Mot. for Class Certification at 4–5, 8.) In such a case, where the defense is not one Mr. Clark would have to contend *against*, it is unlikely to usurp a significant portion of his time or to distract him from representing the class interests.[2] I find Mr. Clark has met the typicality requirement.

▪ Rule 23(a)(4) requires that the named plaintiff fairly and adequately protect the interests of the class. One element of that requirement is that the class representative's counsel must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously. *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D.Ill.1995). RMCB challenges the adequacy of representation, suggesting Mr. Clark's counsel, Edelman & Combs, intentionally delayed filing the instant suit while waiting for a number of other cases against RMCB to settle. As a result, a large number of potential class members allegedly were cut out because of the one-year statute of limitations. *See* 15 U.S.C. § 1692k(d); (Resp. to Mot. for Class Certification at 12.) RMCB thus argues Edelman & Combs is inadequate to protect the interests of the class. That argument lacks merit. Other than its suggestion as to the possible cause of the "delay," RMCB offers little to indicate Edelman & Combs intentionally

---

2. If RMCB is arguing that Mr. Clark's alleged denial that he owed the debt undermines or nullifies his claim, making it atypical of the class, that argument also lacks merit. Mr. Clark's claim is based on an alleged violation of the FDCPA, which "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt

exists." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir.1982); *see* 15 U.S.C. § 1692a(5) ("debt" defined as "any obligation or alleged obligation"); 123 Cong. Rec. 10,241 (1977). Whether Mr. Clark owes the debt in question is a separate issue from his FDCPA claim.

postponed filing this suit.[3] Mr. Clark alleges in his complaint that he will fairly and adequately represent the class and that his counsel is experienced in bringing class actions and collection-abuse claims. (Compl.¶ 20.) Thus far Edelman & Combs has vigorously pursued this claim, as RMCB notes, (Resp. to Mot. for Class Certification at 11), and has given no indication it will not continue to do so. I find the adequacy of representation requirement has been met.

### Rule 23(b)(3)

Mr. Clark meets the first provision of Rule 23(b)(3), which requires that common questions of law or fact predominate over any questions affecting only individual members. The commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely related, and a finding of one generally will satisfy the other. *Villareal v. Snow,* No. 95 C 2484, 1996 WL 28254, at *5 (N.D.Ill. Jan. 19, 1996) (citing *Heastie v. Community Bank,* 125 F.R.D. 669, 674 (N.D.Ill.1989)). RMCB does not dispute that Mr. Clark has satisfied the predominance requirement.

■ Nevertheless, RMCB contends the second provision of Rule 23(b)(3) has not been met. RMCB claims the monetary recovery to the putative class would be de minimis and argues therefore that a class action is not a superior method for adjudicating this controversy. "[A] de minimis recovery (in monetary terms) should not automatically bar a class action." *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir. 1997). Indeed, a class action is appropriate in certain types of cases where the amount of damages is too low to make individual actions feasible. *Krause v. GE Capital Mortgage Services, Inc.,* No. 97 C 8589, 1998 WL 831896, at *6 (N.D.Ill. Nov. 20, 1998); *see Mace,* 109 F.3d at 344; *see also Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 2246, 138 L.Ed.2d 689 (1997) (quoting *Mace* favorably). In this case, the FDCPA expressly provides for class actions, 15 U.S.C. § 1692k(a) and (b), which are an efficient and fair method for adjudicating cases brought under consumer protection laws, *Vaughn v. CSC Credit Services, Inc.,* No. 93 C 4151, 1994 WL 449247, at *3 (N.D.Ill.1994) (citing *Zanni v. Lippold,* 119 F.R.D. 32, 36 (C.D.Ill.1988)). In addition, Mr. Clark asserts he will challenge RMCB's net worth figure and hence its class recovery figure as well. I find Mr. Clark has met the second requirement of Rule 23(b)(3).

Mr. Clark thus has satisfied the requirements of Rule 23(a) and (b), and his motion for class certification is granted.

### Motion to Dismiss [4]

■ By letter dated September 2, 1997, RMCB attempted to collect $223.75 from Mr. Clark on behalf of Quest Diagnostics Inc. The letter, which is on AMCA letterhead, states AMCA has been "authorized ... to take appropriate legal measures to obtain payment," and it warns Mr. Clark that "[t]his is your final opportunity to settle your account without incurring additional problems." (Compl.Ex. A.) Mr. Clark claims the letter "falsely suggests to the unsophisticated consumer that legal action has been authorized and is imminent." (Compl.¶ 9); *see Jenkins v. Union Corp.,* 999 F.Supp. 1120, 1136 (N.D.Ill.1998). Mr. Clark alleges RMCB neither files legal actions nor arranges for their filing. (Compl.¶¶ 10, 11.) He contends the

---

3. It is also doubtful whether Mr. Clark's counsel had a prefiling duty to potential class members who might be cut out by the statute of limitations. *See Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 341 (7th Cir.1997) (there is no authority requiring participation of broadest possible class).

4. Also before me is Mr. Clark's motion to strike certain statements from RMCB's reply brief in support of its motion to dismiss, on grounds they are irrelevant and immaterial and were included solely to prejudice Mr. Clark's counsel in the eyes of the court. The statements at issue mention five other lawsuits Edelman & Combs filed against RMCB "based upon alleged 'technical violations' of the FDCPA," (Def.'s Reply Br. in Supp. of Mot. to Dismiss at 3), and Edelman & Combs' alleged knowledge that RMCB's net worth was $148,151 and that the maximum recovery for Mr. Clark's putative class would be less than $1,500, *id.* at 3 n. 1. Under Federal Rule of Civil Procedure 12(f), statements may be stricken from any pleading, but the reply brief in question is not a pleading. *See* Fed.R.Civ.P. 7(a). Moreover, I did not consider the statements at issue in deciding this motion to dismiss, which of course is designed to test the sufficiency of the complaint only. Therefore, the motion to strike is denied as moot.

letter violates 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), which bar debt collectors from using false or misleading representations, including the threat to take any action that cannot legally be taken or that is not intended to be taken.[5]

RMCB moves to dismiss Mr. Clark's complaint, arguing that the letter at issue contains neither a false statement nor any threat of legal action. RMCB claims there is no reference in the letter, either direct or implicit, to a suit, lawsuit, legal action or litigation. (Mot. to Dismiss at 7.) Instead, the letter simply requests payment of Mr. Clark's delinquent account before further collection activities are undertaken. (Mot. to Dismiss at 2.)

Nevertheless, language similar to that used in RMCB's letter has been found to violate the FDCPA. In *Withers v. Eveland,* 988 F.Supp. 942 (E.D.Va.1997), a letter stating that a debt collection agency had been "retained" by the creditor "to institute collection proceedings" and that "all legal remedies" would be pursued, was found to violate §§ 1692e(5) and (10). *Id.* at 946; *see also Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 61–62 (2nd Cir.1993) (letter stating that debt collection agency was "instructed . . . to proceed with whatever legal means is necessary to enforce collection" held to violate FDCPA).

■ Claims against debt collectors under the FDCPA are judged by the standard of the "unsophisticated consumer," described as the hypothetical consumer whose reasonable perceptions are used to determine if collection messages are deceptive or misleading. *Avila v. Rubin,* 84 F.3d 222, 226–27 (7th Cir.1996). That standard is said to be "low, close to the bottom of the sophistication meter." *Id.* at 226. Further, in deciding a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1429 (7th Cir.1996) (citation omitted). Keeping those standards in mind, it is not implausible that

an unsophisticated consumer who received the RMCB letter might believe litigation was authorized and imminent. Therefore, it cannot be said that Mr. Clark could prove no set of facts in support of his claim that would entitle him to relief. *Jang v. A.M. Miller & Associates,* 122 F.3d 480, 483 (7th Cir.1997) (citation omitted). Accordingly, the motion to dismiss Mr. Clark's complaint is denied.

### Conclusion

Mr. Clark's motion for class certification is granted, and RMCB's motion to dismiss Mr. Clark's complaint is denied. Mr. Clark's motion to strike is denied as moot.

---

**5.** Section 1692e provides in pertinent part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he threat to take any action that can-

not legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," 15 U.S.C. § 1692e(10).