Michael McDONNELL; Mary
McDonnell, Plaintiffs–
Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 98–5383.

United States Court of Appeals,
Sixth Circuit.

Argued March 9, 1999.

Decided May 27, 1999.

Thomas R. Buckner (argued and briefed), Apperson, Crump & Maxwell, Memphis, Tennessee, for Plaintiffs–Appellants.

Jonathan S. Cohen (briefed), Randolph L. Hutter (argued and briefed), U.S. Department of Justice, Appellate Section, Tax Division, Washington, D.C., for Defendant–Appellee.

Before: SILER and GILMAN, Circuit Judges; BECKWITH, District Judge.[*]

SILER, Circuit Judge.

Plaintiffs Michael and Mary McDonnell, husband and wife ("taxpayers"), appeal the district court's dismissal of their tax refund claim. The court determined that it lacked subject matter jurisdiction over their claim for an investment interest deduction because the taxpayers failed to adequately include it in their initial refund claim filed with the Internal Revenue Service ("IRS"). Because we hold that the interest at issue is nondeductible personal interest, we affirm the judgment of the district court.

## BACKGROUND

In April 1993, the taxpayers filed their tax return for the 1992 tax year, reporting a total tax liability in excess of $1 million, which included $101,240 in interest relating to the late payment of an additional tax liability following an IRS audit for their

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

income taxes during the years of 1987–89. Later that year, the taxpayers filed an amended income tax return, claiming a deduction for the $101,240 in interest and requesting a refund. In filing their form 1040X, they filed a copy of the original form 1040 and an "amended" form 1040 for the 1992 tax year. On the "amended" form 1040, as well as on an "amended" form 4952, the taxpayers listed an itemized deduction for investment interest in the amount of $672, 695, an increase of $101,-240 in investment expense from their original tax return. The form 1040X specifically requests an explanation for any changes to income, deductions, and credits. In their explanation of changes, the taxpayers stated: "In accordance with the North Dakota district court decision in *David Miller v. U.S.*, the interest is being deducted because it relates to the taxpayer's business."

After the IRS proposed to disallow the refund claim on the ground that the interest the taxpayers sought to deduct was nondeductible personal interest under Temporary Treasury Regulation § 1.163–9T(b)(2)(i)(A), the taxpayers wrote to the IRS, protesting the proposed disallowance, arguing the regulation was invalid and that the interest claimed was deductible as an ordinary and necessary business expense. The IRS rejected these arguments and issued a notice of disallowance.

Thereafter, the taxpayers brought the underlying action, seeking a refund. The government moved to dismiss on the ground that interest at issue was nondeductible personal interest under the regulation. The district court denied the motion, holding that the regulation was invalid. Later, the government further moved to dismiss on the ground that the taxpayers had not adequately raised their investment interest claim in their administrative refund claim with the IRS. The court granted that motion and dismissed

the claim of investment interest deductions but proceeded to trial by jury on the question as to whether the interest at issue was an ordinary and necessary business expense. The jury found against the taxpayers on that issue, and this appeal raises only the issue of whether the court properly dismissed the claim concerning the investment interest.

## DISCUSSION

 A taxpayer must first file an administrative claim for refund with the Secretary of Treasury prior to bringing an action against the United States for a tax refund. *See* 26 U.S.C. § 7422(a).[1] The regulations promulgated pursuant to § 7422(a) state that "[t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas. Reg. § 301.6402–2(b)(1). When a party fails to state with specificity the grounds for the refund, the court is without jurisdiction to entertain the action. *See Salyersville Nat'l Bank v. United States*, 613 F.2d 650, 651 (6th Cir.1980). "Federal courts have no jurisdiction to entertain taxpayer allegations that impermissibly vary or augment the grounds originally specified by the taxpayer in the administrative refund claim." *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir.1992). The purpose of the "variance rule" is to prevent surprise, and to give the IRS adequate notice of the claim and its underlying facts so that it can make an administrative investigation and determination regarding the claim. *Id.; see also Angle v. United States*, 996 F.2d 252, 254 (10th Cir.1993); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir.1985).

 Although the taxpayers may have adequately raised their investment interest claim, though inartfully, on their amended

---

1. Section 7422(a) provides, in relevant part:
 No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and regulations of the Secretary or his delegate established in pursuance thereof.

return, we need not determine that issue as we hold that the interest at issue is nondeductible personal interest under Temp. Treas. Reg. § 1.163–9T(b)(2)(i)(A).[2] The district court found that the regulation was invalid, following *Redlark v. Comm'r*, 106 T.C. 31, 1996 WL 10243 (1996). However, that case was subsequently reversed in *Redlark v. Comm'r*, 141 F.3d 936 (9th Cir.1998). We agree with the Ninth Circuit's analysis and hold that the regulation is a valid interpretation of 26 U.S.C. § 163(h). The Ninth Circuit in *Redlark* held that the regulation was sustainable because "[it] represents a permissible and reasonable interpretation of a facially ambiguous statute. It is neither arbitrary, capricious, nor in conflict with any other statutory provision or the purposes of the Code as a whole. That being so, our inquiry is at an end." *Id.* at 942. *See also Allen v. United States*, 173 F.3d 533 (4th Cir.1999) (upholding the regulation as a valid interpretation of the statute); *Miller v. United States*, 65 F.3d 687 (8th Cir. 1995) (same).

**AFFIRMED.**

---

**2.** This regulation provides that nondeductible personal interest includes interest "[p]aid on underpayments of individual Federal, State or local income taxes ... regardless of the source of the income generating the tax liability."