24-2700-cv
*Salta v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

ROMEO SALTA, JR., PHYLLIS POLEGA,

> *Plaintiffs-Appellants.*

v.                                                          24-2700-cv

UNITED STATES OF AMERICA,

> *Defendant-Appellee.*

---

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | Scott L. Fenstermaker, Law Offices of Scott L. Fenstermaker, P.C., New York, NY |
| FOR DEFENDANT-APPELLEE: | Anthony J. Sun, Benjamin H. Torrance, Assistant United States Attorneys, Of Counsel, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Willis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

On their 2015 joint tax return, Romeo Salta, Jr. and Phyllis Polega reported cancellation-of-indebtedness income resulting from the discharge of Salta's mortgage debt on property in Point Lookout, New York (the "Point Lookout Property"). Salta and Polega later requested a refund from the Internal Revenue Service ("IRS") and then brought this refund suit against the government, seeking the return of the $113,087 in taxes they paid on the debt cancellation. Salta and Polega contended that their cancellation-of-indebtedness income was taxable in 2017 rather than 2015. The district court granted summary judgment for the government and denied Salta and Polega's cross-motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the record and issues on appeal.

"This Court reviews a decision granting summary judgment de novo." *Gudmundsson v. United States*, 634 F.3d 212, 216 (2d Cir. 2011). "Summary judgment is appropriate if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.* at 217 (quotation marks omitted). "When faced with cross-motions for summary judgment, . . . the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (quotation marks omitted).

"Income from discharge of indebtedness" is generally treated as taxable income. 26 U.S.C. § 61(a)(11); *see Gitlitz v. Comm'r*, 531 U.S. 206, 213 (2001). "[D]ebt must be viewed as having been discharged" for tax purposes "[t]he moment it becomes clear that [the] debt will never have

2

to be paid." *Cozzi v. Comm'r*, 88 T.C. 435, 445 (1987). "Any identifiable event which fixes the loss with certainty may be taken into consideration." *Id.* (quotation marks omitted); *see Hohl v. Comm'r*, 121 T.C.M. (CCH) 1016, at \*13 (2021).

The district court correctly held that Salta and Polega's income from the discharge of Salta's mortgage debt accrued in the 2015 tax year. In January 2015, when the Point Lookout Property was in foreclosure, Salta relinquished his rights to possess the property and transferred the deed to the mortgagee. *See* App'x at 101-04, 106-07, 111-12, 114-16. In exchange, the mortgagee and the mortgage loan servicer waived their rights to pursue a deficiency judgment against Salta. *See id.* at 101-04, 111-12, 114-15. Through this deed-in-lieu-of-foreclosure arrangement, the mortgagee "in essence accept[ed] the property itself as full satisfaction for the amount owed on the mortgage loan, leaving the mortgagor with no remaining debt." Appellee's Br. at 9 n.1; *see* App'x at 111 (Salta's consideration for the deed transfer included "the full cancellation of all debts . . . [and] obligations . . . secured by" the Point Lookout Property mortgage). This arrangement was memorialized in the January 2015 Relocation Agreement signed by Salta and the loan servicer, *see id.* at 101-04, and in several contemporaneous documents executed by Salta, *see id.* at 106-07, 111-12, 114-16. The deed-in-lieu-of-foreclosure transaction was an "identifiable event" making it "clear that [Salta's mortgage] debt will never have to be paid." *Cozzi*, 88 T.C. at 445 (quotation marks omitted). The debt thus "must be viewed as having been discharged" in 2015, rendering 2015 the proper tax year for recognizing Salta and Polega's cancellation-of-indebtedness income. *Id.*

Salta and Polega now argue that the Relocation Agreement was not enforceable in 2015. But they did not make this argument to the IRS when they requested a refund, so under the variance doctrine they cannot challenge the contract's enforceability here.

3

A taxpayer may not "bring suit for a refund without first filing an administrative claim for a refund" with the IRS. *Apollo Fuel Oil v. United States*, 195 F.3d 74, 77 (2d Cir. 1999) (per curiam) (citing 26 U.S.C. § 7422(a) (1994)). "Under the doctrine of variance, this requirement means that the taxpayer must advance in the administrative proceeding any contention it wishes to pursue in court." *Id.* (citations omitted). "[I]n pursuing . . . a [refund] suit," a taxpayer thus "may not raise different grounds than those brought to the IRS." *Magnone v. United States*, 902 F.2d 192, 193 (2d Cir. 1990) (per curiam). "The purpose of the 'variance rule' is to prevent surprise, and to give the IRS adequate notice of the claim and its underlying facts so that it can make an administrative investigation and determination regarding the claim." *McDonnell v. United States*, 180 F.3d 721, 722 (6th Cir. 1999).

Salta and Polega do not dispute that they failed to challenge the validity of the Relocation Agreement in their claim for a refund made via their 2015 amended joint tax return or Salta's 2017 tax return. Those submissions do not mention the Relocation Agreement at all and rely solely on the loan servicer's conflicting tax filings and a statute of limitations theory no longer pursued. Salta and Polega's IRS filings thus did not give the agency "adequate notice" of their unenforceability argument "and its underlying facts," so the IRS could not "make an administrative investigation and determination regarding the claim." *Id.* "Because [Salta and Polega] did not make this argument in [their] administrative claim before the IRS, it is not properly pursued here." *Apollo*, 195 F.3d at 77.

Salta and Polega's attempt to get around the variance doctrine is unavailing. They assert that they could not have raised the unenforceability theory in the 2015 amended return and the 2017 return because they only discovered years later that the mortgagee "never signed the documentation creating a binding and enforceable contract in 2015." Appellants' Br. at 24. This

4

argument fails for two reasons. First, Salta and Polega cite no legal authority, and we are aware of none, identifying an exception to the variance doctrine where a taxpayer learns after filing a refund request that a private contract may have been unenforceable. Second, Salta and Polega knew or reasonably should have known the facts underlying their unenforceability theory back in January 2015. They knew or reasonably should have known the mortgagee did not sign the Relocation Agreement because the document had no place for the mortgagee to sign. *See* App'x at 103-04. When Salta signed the Agreement in Lieu of Foreclosure and the Terms of Release of Premises, it was clear from the face of the documents that the mortgagee had not signed them. *See id.* at 115-16. When Salta and Polega requested a refund, they thus knew or reasonably should have known the facts on which their unenforceability argument relies.[1] But they did not raise that argument with the IRS, so they cannot make the argument now.

We have considered Salta and Polega's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Salta asserts that he did not learn until discovery in the refund action of the loan servicer's "lack of a power of attorney" to act on the mortgagee's behalf in signing the Relocation Agreement. App'x at 293. But a "party that deals with an agent does so at [his] peril, and must make the necessary effort to discover the actual scope of authority." *Sherrod v. Mount Sinai St. Luke's*, 204 A.D.3d 1053, 1058 (2d Dep't 2022) (quotation marks omitted). Salta's failure to verify the scope of the loan servicer's authority before signing the Relocation Agreement is thus not a basis for bypassing the variance doctrine.

5